REDMANN, Judge.
Defendants appeal an award of $7,344.75 for the death of plaintiff’s four-year-old child.
In this heartbreaking tragedy only three eyewitnesses testified, namely the driver and two residents of the accident area. The testimony of all three is that the child ran from behind a parked car. The two residents said he was frightened by a barking dog restrained only by a chain.
The street was 26' wide and had cars parked on both sides (except for the latter half block or so on the driver’s right, from about the point of impact to the far end of the block). On the driver’s left side of the street was a public housing project; on the right were ordinary residences. The time was not long after 4 o’clock of a June afternoon.
All witnesses testified that, except for plaintiff’s child and another playing with *169 him, there were no children playing on the sidewalks or near the street, and, except that defendant driver knew that many children lived in the vicinity and often ran across the street, there was no evidence of any other circumstances which would place the driver under a duty to exercise extraordinary care, including driving at a speed less than the ordinary speed limit.
In our judgment the circumstances do not warrant a conclusion that driving at the posted limit of 20 mph would have been unreasonable. Unquestionably special circumstances may dictate that one drive far below the limit; but the knowledge that young children may dart out from behind parked cars is applicable, though in varying degrees, to every neighborhood. We conclude that unless it is or should be evident to a driver that children are in fact playing at or near sidewalks, he has no duty towards possible children to reduce his speed below posted limits.
There was evidence of speed' over 20 mph (disregarding a 16-year-old’s estimate of “normal speed,” but 30 mph). The investigating police officer testified of defendant driver’s prior inconsistent statement, or admission against interest, of driving about 25 mph; the officer estimated speed at “between 20 to 30”. This evidence would suffice to support a conclusion by the trial judge that defendant driver was driving about 25 mph, in violation of the speed limit.
However, the accident would have occurred had the driver’s speed been at or even below the limit. The two neighbor witnesses testified that the vehicle was only five to six feet from the point of impact when the child ran into the road after being frightened by the dog and that at this point the child could not have been seen by the driver. We therefore conclude that the speed somewhat in excess of the posted limit was not a factor in causing this accident.
We disagree, however, with defendants’ argument that the accident “would not have in any way, manner or degree been altered” had Delaney been driving slower. Identity in degree, specifically, of damage to the child, would not necessarily be the same from an impact at a lesser speed. But for the trial court, judgment to stand, either plaintiff must have proved that the overspeed killed while reasonable speed would not have (which was not proved) ; or the law must oblige defendants to prove the contrary and defendant did not do so.
We conclude, rather, that the law obliges plaintiff to prove that defendant’s over-speed caused the death, C.C. art. 2315. Plaintiff proved only that the collision caused the death. Since defendant’s over-speed did not cause the collision, plaintiff did not show that defendant's fault caused the death damages sued for.
The judgment is reversed and plaintiff’s suit dismissed at her cost.
GULOTTA, J., dissents and assigns written reasons.